UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN EAST, ET AL.     CIVIL ACTION

VERSUS

BLUE CROSS AND BLUE SHIELD OF     NO.: 3:14-cv-00115-BAJ-RLB
LOUISIANA, ET AL.

## TEMPORARY RESTRAINING ORDER

Before the Court is putative class representative John East's ("East") **APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Doc. 7) ("Application"),** requesting that the Court enjoin Defendants Blue Cross and Blue Shield of Louisiana ("Blue Cross"), Vantage Health Plan, Inc. ("Vantage"), and Louisiana Health Cooperative, Inc. ("Louisiana Health")" from changing their existing policies as they relate to Ryan White HIV/AIDS Program funds ("Ryan White Funds"), and/or implementing new policies related to Ryan White Funds, (*id.* at p. 4). East's Application is filed in accordance with Fed. R. Civ. P. ("Rule") 65 and this Court's Local Rules, *see* M.D. La. LR65. Defendants Blue Cross and Vantage each oppose East's Application. (Doc. 8; Doc. 17). Defendant Louisiana Health has not filed a notice of appearance, nor given any indication as to its position regarding East's Application.

For reasons explained below, the Court **GRANTS** East's Application as to all Defendants. In accordance with Rule 65, this Temporary Restraining Order shall be effective as of **6:00 p.m., Monday, February 24, 2014** and shall expire 14 days

after the time of entry, unless otherwise ordered by this Court. *See* Fed. R. Civ. P. 65(b)(2)–(3). A hearing to determine whether a preliminary injunction shall supplant and/or follow this Order shall proceed at **12:00 p.m., Tuesday, February 25, 2014.**

Rule 65 provides, in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Additionally,

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record.

*Id.* at 65(b)(2). Further, "[i]f the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character." *Id.* at 65(b)(3). Finally, "[t]he court may issue . . . a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *Id.* at 65(c).

Here, the Court is satisfied that East has met the requirements for the temporary relief he seeks. First, East has scrupulously adhered to Rule 65's procedural requirements. His Application is accompanied by an affidavit describing the nature of the "irreparable injury" that will result absent a temporary restraining order ("TRO"), (Doc. 7-2), as well as his attorney's certified description of the efforts that have been made to contact all Defendants in this case, including Defendant Louisiana Health, (Doc. 7-3). *See* Fed. R. Civ. P. 65(b)(1). Further, East's Application adheres to this District's requirements that: (1) the Application "be made in a document separate from the complaint"; and (2) "actual notice of the time of making the application" be included in the Application, (*see* Doc. 7-3 at p. 1). M.D. La. LR65.1.

East has also satisfied Rule 65's substantive requirements. His affidavit (Doc. 7-2) and his Complaint (Doc. 1) each contain "specific facts" indicating that "immediate injury, loss, or damage will result" if a TRO is not issued. In particular, East states: (1) he is "an individual living with HIV," (Doc. 7-2 ¶ 2); he "take[s] two medications [each day] to treat [his] HIV," (*id.* at ¶ 4); his insurance provider, Blue Cross, has heretofore accepted full payment for his insurance premiums from "the Louisiana Health Insurance Program which receives funding from the Ryan White Program," (*id.* at ¶¶ 11–12, 19); East is otherwise unable to pay his monthly insurance premium of $1,306, (*id.* at ¶¶ 19, 24); Blue Cross and the other named Defendants—Vantage and Louisiana Health—recently decided "that they will no

3

Case 3:14-cv-00115-BAJ-RLB   Document 23   02/24/14   Page 3 of 6

longer be accepting Ryan White assistance payments for health insurance premiums," (*id.* at ¶¶ 23, 26); this decision has caused East to miss his most recent payment, which means that he is "now without insurance coverage," (*id.* at ¶ 24); East does not otherwise qualify for health care assistance, (*id.* at ¶¶ 8, 10); and, finally, lacking insurance, East will "run out of . . . essential medication," which will, eventually, result in his death, (*see id.* at ¶¶ 6, 30).

It goes without saying that Mr. East's eventual death is an irreparable injury. *See* Fed. R. Civ. P. 65(b)(2) ("Every temporary restraining order issued without notice must . . . describe the injury and state why it is irreparable . . . ."). Further, this result is hardly speculative given HIV's pathology, and the known consequences of discontinuity in its treatment. (*See* Doc. 1 at ¶ 56). Given the severe ramifications to Mr. East and other members of his putative class if their insurance coverage is allowed to lapse, the Court is convinced that this Order should be issued, thereby ensuring that the status quo is temporarily maintained, even in the absence of Louisiana Health's notice of appearance, and/or the opportunity for an evidentiary hearing on the issue. *See* Fed. R. Civ. P. 65(b)(2) ("Every temporary restraining order issued without notice must state . . . why the order was issued without notice . . . .").[1]

---

[1] To the extent that East must satisfy the traditional 4-prong preliminary injunction test before a TRO may issue, *see Garcia v. United States*, 680 F.2d 29, 31 (5th Cir. 1982) (indicating that "the requirements justifying a temporary restraining order" are equivalent to those justifying a "preliminary injunction"), the Court also finds that each of these requirements are met. First, East has made a preliminary showing that he is likely to succeed on the merits of his claim because the Affordable Health Care Act contains an express Nondiscrimination provision, requiring that "an

4

Accordingly,

**IT IS ORDERED** that East's **APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Doc. 7)** is **GRANTED.** Specifically,

1. Defendants are enjoined from changing their policies of accepting Ryan White HIV/AIDS Program funds ("Ryan White Funds") from current or prospective applicants to, or policy holders of, Defendants' health insurance plans;

2. Defendants are enjoined from implementing or executing their new policies of refusing Ryan White Funds from current or prospective applicants to, or policy holders of, Defendants' health insurance plans;

3. Given the nature of the issues and the parties involved, it is unnecessary for Plaintiffs to post a bond in this matter; and

4. This Order expires in 14 days or as modified by the Court.

---

individual shall not . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance," 42 U.S.C. § 18116; second, as explained, East has demonstrated a substantial threat of irreparable injury—specifically, declining health and eventual death—if his insurance is discontinued; third, this threat to East's well-being far outweighs any injury to Defendants because Defendants are simply required to maintain their existing policies of accepting Ryan White Funds paid on behalf of insureds in East's position; finally, the TRO serves the public interest because it ensures that insureds in East's position maintain their current health care coverage, thereby avoiding, among other things, additional costs resulting from lost health care coverage, such as emergency room treatment in lieu of regularly scheduled doctor appointments and medications. *See Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536–37 (5th Cir. 2013) ("A preliminary injunction is an "extraordinary remedy" that should be granted only if the movant establishes (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.") (quotation marks omitted).

Case 3:14-cv-00115-BAJ-RLB   Document 23   02/24/14   Page 5 of 6

IT IS FURTHER ORDERED that a hearing to determine whether a preliminary injunction shall supplant and/or follow this Order shall proceed at 12:00 p.m., Tuesday, February 25, 2014.

Baton Rouge, Louisiana, this 24th day of February, 2014.

*[signature]*

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA